KENNETT *et al.*, Appellants, v. PLUMMER *et al.*, Respondents.

1. Whatever may be the nature of the title acquired by the state of Missouri by virtue of the act of Congress of June 10, 1852, granting lands in aid of the construction of certain railroads—whether the state acquired the fee simple title to the lands clothed with a political trust for the execution of which the faith of the state was pledged by the acceptance of the grant, or whether the act of Congress created an estate upon condition subsequent —a mere trespasser can not defend against a grantee of the estate by invoking a supposed right of the United States to enter for condition broken.

2. Until entry by a mortgagee for condition broken, or until foreclosure, the mortgagor *is* the owner of the mortgaged estate and may lease the same, or otherwise deal with it as owner.

*Appeal from Newton Circuit Court.*

This was an action, under the act to prevent certain trespasses (R. C. 1855, p. 1552), to recover damages for an alleged carrying away by defendants of a large amount of lead ore from the land of plaintiffs. The' land upon which the alleged trespasses were committed is section six, township twenty-five, range thirty west, situate in Newton county. Plaintiffs claim said land by virtue of a lease from the Pacific Railroad, dated June 11, 1857, for a term of ten years. The petition sets forth the title of the plaintiffs as follows: 1st, act of Congress of June 10, 1852, entitled "An act granting the right of way to the state of Missouri, and a portion of the public lands, to aid in the construction of certain railroads in said state;" 2d, an act of the general assembly of the state of Missouri, approved December 25, 1852, entitled "An act to accept a grant of land made to the state of Missouri by the Congress of the United States to aid in the construction of certain railroads in this state and to apply a portion thereof to the Pacific Railroad," (Sess. Acts, 1853, p. 10); 3d, an act of Congress of August 3, 1854, entitled "An act to vest in the several states and territories the title in fee simple of the lands which have been or may be certified to them;" 4th, the approved list of the commissioner of the General Land office; 5th, the lease above mentioned from

the Pacific Railroad to plaintiffs. Plaintiffs also alleged the due incorporation of Pacific Railroad; that the requirements of the laws in regard to survey, location of road, selection of lands, &c., had been complied with; also, that under the act of December 10, 1855 (Sess. Acts, 1855, Adj. Sess. p. 472), a mortgage had been executed by plaintiffs to the treasurer of the state of Missouri, embracing the land upon which the trespass was committed.

The defendants demurred to this petition. The court sustained the demurrer.

*Stevenson*, for appellants.

I. Appellants were the legal owners of the land by virtue of their lease, and as such had a right to sue respondents for the trespass complained of. The title of the Pacific Railroad is the title of the appellants, and under that title the Pacific Railroad had a clear right of action. (Tuck. Com. 86, 88; Lomax Dig. 332.) A less estate than a fee simple known as a qualified fee carries with it, until the estate is defeated, the same rights and privileges over the estate as if it were a fee simple. (Lomax Dig. 23.) Until the consideration is broken the estate is an estate of freehold. (Tuck. Comm. 89.) If there was any doubt about the title of the railroad to the lands in controversy, the act of Congress of August 3d, 1854, confirms in the state a fee simple. The state having granted the lands to the Pacific Railroad on the conditions contained in the act of Congress, the act of August 3, 1854, enured to the benefit of Pacific Railroad, the donation by the state to the Pacific Railroad being alone hampered by the original restrictions imposed by Congress. No one but the donor and the privies of the donor can take advantage of a defeasance of the estate; and whether the estate is conditional or not, it is not to be taken advantage of by defendants. (Tuck. Comm. 88, 90; Lomax's Dig. 333, 363 & 364; 4 Kent, Comm. 131.) The statutory trespass is given to the *owner* of the land, and it is not essential to aver or prove any thing beyond the ownership of the land. The

acts of Congress and the legislature of Missouri only direct the manner in which the lands may be sold, and in nowise limit the rights of the Pacific Railroad to the land granted so as in anywise to debar the Pacific Railroad from all rights incident to the estate granted. The execution of the mortgage does not divest the mortgagor of his ownership of the property until after forfeiture and foreclosure. (1 Hilliard on Mort. 137–9.) A mortgagor may make a lease and it is good against all the world but the mortgagee. (Lomax Dig. p. 432; Tuck. Com. 107.) The intestate of a mortgagee is only in the nature of a security; the mortgagor is the true owner. (Lomax Dig. 432; Tuck. Com. 97, 98; Hilliard on Mortg. 140, § 12.) A mortgagor or his assignee can not be treated as a trespasser by the mortgagee; much more then is a stranger not to impeach his right. (Lomax Dig. 431, 432; Tuck. Com. 107.) A mortgagor can sell, lease and encumber the mortgaged estate at any time before forfeiture and foreclosure. The only effect of the mortgage is that it is an incumbrance, and the title conveyed is a complete investiture on the grantee, lessee, &c., subject to the mortgage debt. (Lomax Dig. 431; Tuck. Com. 107.)

*Hendrick* and *Carter*, for respondent.

I. The lease of Blow & Kennett was not only unauthorized but in violation of the terms of the grant, and conferred no right upon Blow & Kennett whatever, especially as the object and purpose of the lease were to commit an authorized trespass to the prejudice of the reversionary interest of the United States. The lease is void because for a longer time than the Pacific Railroad was given to complete said road by act of Congress of June 10, 1852. (Kennedy & Moreland v. The heirs of McCarteny, 4 Porter, 141.) The petition does not state facts sufficient to constitute a cause of action, because it shows no right, title or interest of plaintiffs to the land; nor does it show that plaintiff ever had possession of the land or any right to the possession thereof; nor does it show that the mineral was the property of plaintiffs, or that

Kennett v. Plummer.

it was dug up out of the land in question since the date of the lease. It does not appear that the mineral was not taken up out of the land long before the date of the lease. Nothing appears in the petition to show that the mineral was dug out of the land in question by defendants, or that plaintiffs had any interest in the mineral or possession of it.

RICHARDSON, Judge, delivered the opinion of the court.

The main objection taken to the plaintiffs' right of recovery is, that the lease under which they claim is void; first, because it is in violation of the condition on which the grant of the lands was made by Congress; and, secondly, because the mortgage to the treasurer of the state, which had been previously executed by the lessor, was still outstanding. Whatever title the state of Missouri acquired by the act of Congress of the 10th of June, 1852, was vested in the Pacific Railroad by the act of the general assembly approved December 25, 1852; and whether the state acquired the fee simple title to the lands, clothed with a trust for the execution of which the public faith was pledged by accepting the grant, or whether the act of Congress granted an estate upon conditions subsequent, is immaterial to the decision of this case. Whenever the United States interpose for the purpose of having a trust executed, or enter for a broken condition, it will be time then to determine the legal character and conditions of the grant; but a mere trespasser can not protect himself under any right which the United States might assert; (Cooper v. Roberts, 18 How. 181;) and, as conditions are only reserved for the benefit of the grantor, a stranger can not take advantage of the breach of them. (4 Kent, 127.)

The modern doctrine is well established that a mortgage is but a security for the payment of the debt or the discharge of the engagement for which it was originally given, and until the mortgagee enters for breach of the condition, and in many respects until final foreclosure of the mortgage, the

mortgagor continues the owner of the estate, and has a right to lease, sell, and in every respect to deal with the mortgaged premises as owner, so long as he is permitted to remain in possession.    (4 Kent, 157.)    Of course he can not impair the rights of the mortgagee, and every person taking under him will hold subject to the mortgage and to all the rights of the mortgagee.    It does not appear that the mortgagee has ever objected to the lease as interfering with his rights or as impairing the security the mortgage was intended to give, or that there has been any forfeiture of the conditions ; and a stranger surely should not be permitted to volunteer such objections, which are strictly technical, to avoid liability for unauthorized trespasses.

The demurrer was improperly sustained, and the judgment will be reversed and the cause remand ; Judge Scott concurring.    Judge Napton absent.