SCHIFFMAN, Appellant, v. SCHMIDT et al.

### Division One, February 20, 1900.

1. **Trust Deed:** DRY TRUST: LEGAL TITLE. Following Walton v. Drumtra, 152 Mo. 489, it is held that the deed which is set out in the opinion, vested the entire legal title to the property in question in the trustee for the use and benefit of plaintiff, a married woman at the time the deed was made and for many years thereafter, and that the statute of uses and trusts did not execute the use, but the legal title was in the trustee at the time adverse possession was taken in pursuance to a tax sale, and remained in him until the death of her husband.

2. ————: DUTY OF TRUSTEE: TAXES: LIMITATION. Where a deed vests the legal title of property in a trustee for the use and benefit of a married woman, she simply holding an equitable life estate with power to convey the fee, it is the trustee's duty to protect the possession for her benefit. And if he suffers the property to be sold under judgment and execution for back taxes, and the purchaser at the tax sale to take possession and hold adversely to him for such a time as bars him from recovering, she will be barred also, although she was during the entire time a married woman.

3. **Setting Aside Tax Judgment:** VALID DEED. Although a judgment for taxes, on motion at a subsequent term, is set aside for want of sufficient notice, yet if the property had already been sold under said judgment, and the purchaser at the execution sale was not notified of the proceeding to set aside the judgment, his sheriff's deed is not affected by the order vacating the judgment.

4. **Sheriff's Sale:** FRAUD: DEFECTIVE PLEADING. An averment in the petition that "the defendant sheriff wrongfully and illegally sold all of said property, which was worth $2,500, to satisfy said execution, which was only $27 and costs," does not charge any fraud, but is merely a conclusion of law, and not the statement of any fact as to the character or manner of the sale.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*J. E., J. F. & R. H. Merryman* for appellant.

(1) The objections to the introduction of testimony because the petition does not state facts sufficient to constitute a cause of action, and stated facts showing affirmatively that plaintiff had no cause of action, admits all the facts stated in the petition, together with the deed of George Schiffman to Philip Schmidt, trustee for plaintiff, Charlotte Schiffman. Butler v. Lawson, 72 Mo. 227, 248; McKenzie v. Matthews, 59 Mo. 99; Dodson v. Lomax, 113 Mo. 555; Verdin v. St. Louis, 131 Mo. 26; Plant Seed Co. v. Michel Plant & Seed Co., 23 Mo. App. 579. (2) The deed from George Schiffman to Philip Schmidt, trustee for Charlotte Schiffman, wife of George Schiffman, vested the entire fee simple title in the real estate in Charlotte Schiffman, as the trust was executed on the execution of the deed; and Philip Schmidt, the nominal trustee, had no interest in the property. He could neither sell, mortgage, lease, nor in any way control the property, except by authority in writing given him by Charlotte Schiffman. The deed construed by the court in the case of Cornwell v. Orton, 126 Mo. 355, and the deed in the case of Tremmel v. Kleiboldt, 75 Mo. 255, are identical with the deed in the case at bar, the only difference being the names and description of the land. Witham v. Brooner, 63 Ill. 344; Smith on Real and Personal Property, p. 135; 2 Wash. on Real Property (1 Ed.), p. 120;

4 Kent Com., p. 288; Webster v. Cooper, 14 How. 488; Lynch v. Swayn, 83 Ill. 337; Pugh v. Hays, 113 Mo. 431; Appleton v. Rowley, 8 Law Reg. Eq. Cases, 139; Mullany v. Malloy, 4 N. J. Eq. 16; Tiedeman on Real Prop., sec. 469.

*E. P. Johnson* for respondent.

(1)   Notwithstanding the averment in the petition, that the judgment was void on which the execution issued, under which the property was sold for back taxes, and a deed made therefor to the purchaser, Mary Wing, July 21, 1882, the possession of the property taken under it, August 2, 1882, and continued for more than ten years before the institution of this suit, as alleged in the petition, started and kept the statute of limitations running, a void sheriff's deed being sufficient color of title.   Baird v. St. Louis Hospital Association, 116 Mo. 419; Suddarth v. Robertson, 118 Mo. 286.   And the same is true of a void tax deed.   Cook v. Farrah, 105 Mo. 492.   (2)   The petition avers that appellant was a married woman at the time the deed to the premises was made to her trustee, and this plain and positive statement of fact can not be obviated by the other statement in it that the deed vested in her the fee simple title to said premises, and vested no title to the same, either in law or equity, in her trustee.   The objections of respondents, like a demurrer, admitted the facts only, not the conclusions of law, inserted in the petition.   Mosher v. Railroad, 127 U. S. 395.   (3) A deed of land to a trustee of a married woman conveys the legal title to the trustee, and it remains in him until she becomes discovert.   The statute of uses does not execute the use in such case while she remains under coverture.   Walton v. Ketchum, 147 Mo. 218; Roberts v. Moseley, 51 Mo. 282; Tiedeman on Real Prop., sec. 469; Perry on Trusts (4 Ed.), sec. 310.

ROBINSON, J.—This is a proceeding in equity, begun in the circuit court of the city of St. Louis in March, 1895, to set aside certain judgments for taxes and sales thereunder, and to set aside a deed from defendant John W. Collins, the purchaser at such sale, to defendant John Oliver, and from defendant Oliver to defendant T. H. Peabody, and from defendant Peabody to defendant E. B. Cassell, and from the latter to defendant J. H. Kinsey, and for possession of the premises, and for. one thousand dollars on account of rent received therefrom by defendant Kinsey. The amended petition, upon which this case was tried, states in substance, that on November 10, 1877, George Schiffman, the plaintiff's husband, conveyed the premises in question to one Philip Schmidt, as trustee, for the sole and separate use of his wife, the plaintiff, which deed was duly recorded, etc.; that at the time said deed was executed, the plaintiff was a married woman, and had been for more than twenty-five years prior to the death of her said husband, which occurred in September, 1893. The petition further avers that a suit for the delinquent taxes of 1879 was instituted against the plaintiff and her said trustee and her husband in September, 1881, which resulted in a judgment on the 8th of June, 1882, on which said judgment an execution was issued, and sheriff's sale had thereunder on July 21, 1882, and a sheriff's deed therefor was executed to the purchaser, Mary Wing, who, it is averred, was acting in behalf of defendant Hilton and his associates the other defendants herein; and that afterwards, on August 2, 1882, said Hilton took possession of the premises in question and in connection with his said associates and vendees, has ever since held the same, claiming title thereto.

The petition further avers that the judgment under which the property was sold was void for want of notice to the plaintiff and his trustee, which judgment, it is averred, was afterwards set aside, but it does not appear from any

averment of the petition at whose instance, or when the same was set aside, nor is there any averment that either the sale or the sheriff's deed thereunder was set aside or in anywise affected thereby.

It is further averred that on November 2, 1883, another suit was commenced by the collector of revenue of the city of St. Louis, for the delinquent taxes of 1880 and 1881, against the plaintiff, her trustee and her husband, who, the petition avers, were served by publication, issued on a *non est* return, and judgment rendered therein on April 25, 1884, and the property in question sold on June following under execution issued on said judgment, at which sale defendant Collins became the purchaser and received a sheriff's deed therefor, and within one month thereafter conveyed the premises so acquired by him to defendant Oliver, who held the property for the benefit of defendant Hilton; and that said Oliver conveyed the same to defendant Peabody, who in turn conveyed it to defendant Cassell, who conveyed it to Kinsey, all of which conveyances, it is averred, were for the benefit of defendant Hilton. The petition also avers that the conveyance by Collins to Oliver was for the purpose of defrauding plaintiff out of her property, and that the order of publication above mentioned was wholly unauthorized; and that on June 2, 1885, a petition in the nature of a writ of error *coram nobis* was filed in the latter case by the defendants therein, and that on December 21, the petition was sustained by the circuit court, and the judgment set aside. There is no averment, however, that Oliver, who held the title acquired by Collins, was a party to this proceeding, nor is it alleged that the sheriff's sale and the deed executed thereunder were set aside or in any way affected thereby. The petition further shows that for some time prior to the institution of the second suit for back taxes, plaintiff was insane and wholly incapable of managing her business, and so remained until in December, 1894, but that she had fully

recovered prior to the commencement of this suit.    The peti-
tion also avers that the property in question was sold in a
body for an inadequate price when it was susceptible of
division, and that a sale of less quantity would have satisfied
the judgment for taxes and costs.

The defendants Collins, Hilton and Kinsey answered,
denying generally the allegations of the petition.    On the
trial in the court below, the plaintiff offered in evidence a
deed from George Schiffman to Philip Schmidt, trustee for
the plaintiff described in the petition.    The deed, so far as
material to the question raised by this appeal, is as follows:

"This deed made and entered into this tenth day of
November, eighteen hundred and seventy-seven, by and be-
tween George Schiffman, of the city of St. Louis in the State
of Missouri, party of the first part, Philip Schmidt, of the
same place, party of the second part, and Charlotte Schiff-
man, of the same place, party of the third part;

"Witnesseth: That the said party of the first part for and
in consideration of one thousand three hundred dollars to
him in hand paid, by the said party of the third part, the re-
ceipt thereof is also hereby acknowledged, and the further
sum of one dollar to him in hand paid by the said party of the
second part, the receipt of which is also hereby acknowledged,
does by these presents grant, bargain and sell, convey and
confirm unto the said party of the second part the following
described tract or parcel of land, situated in the city of St.
Louis, in the state of Missouri, to wit:    [Here is described
the property in controversy].

"To have and to hold the same, with all the rights,
privileges and appurtenances thereto belonging, or in any-
wise appertaining, unto him, the said party of the second
part, his heirs and assigns, and his successors in this trust
forever.    In trust, however, to and for the separate use,
benefit, enjoyment and behoof of the said Charlotte Schiff-
man, wife of George Schiffman, and her heirs and assigns,

the said party of the second part hereby covenanting and agreeing that he will suffer and permit her, the said Charlotte Schiffman, without let or molestation, to have, hold, use, occupy and enjoy the aforesaid premises, with all the rents, issues profits and proceeds arising therefrom, whether from sale or lease, for her own sole use and benefit, separate and apart from her said husband, and wholly free from his control or interference, and from his debts, in such manner as she may think proper; and that he will, at any and all times hereafter at the request and direction of the said Charlotte Schiffman, expressed in writing, signed by her or by her authority, bargain, sell, mortgage, convey, lease, rent, or otherwise dispose of said premises, or any part thereof, and will pay over to her the rents, issues, profits and proceeds thereof, in such manner as she shall in writing direct or request.

"And the said Charlotte Schiffman shall have power at any time hereafter, whenever she shall, from any cause, deem it necessary or expedient, by an instrument in writing under her hand and seal, and by her acknowledged, to nominate and appoint a trustee or trustees in the place and stead of said party of the second part, which trustee or trustees, so appointed by her, or the survivor of them, or the heirs of such survivor, shall hold the said real estate upon the same trust as above recited; and upon the nomination and appointment of such new trustee or trustees, the estate in trust, hereby vested in said party of the second part, shall thereby be fully transferred and vested in the trustee or trustees so appointed by the said Charlotte Schiffman.

"And the said trustee will, at the death of the said Charlotte Schiffman, convey or dispose of the said premises, or such part thereof as may then be held by —— under this deed, and all profits and proceeds thereof, in such manner, to such person or persons, and at such time or times as the said Charlotte Schiffman shall, by her last will and testament or

any other writing signed by her, or by her authority, direct or appoint; and in default of such appointment, then that he shall convey the same to the legal heirs of said Charlotte Schiffman."

On the introduction in evidence of said deed the defendants objected to any further evidence for the reasons, first, that the plaintiff's petition did not state facts sufficient to constitute a cause of action; second, because on the facts stated, it affirmatively appeared that plaintiff had no cause of action; which objections were by the court sustained, and plaintiff duly excepted; whereupon the cause was submitted to the court upon the pleadings and deed, and the court rendered judgment dismissing plaintiff's bill, and the plaintiff brings the case here by appeal, assigning for error the action of the circuit court in excluding further testimony and in dismissing plaintiff's bill and rendering judgment in favor of the defendants.

The plaintiff contends that the deed from George Schiffman to Philip Schmidt, trustee for Charlotte Schiffman, vested in the latter the legal title and the entire fee simple estate in the property thereby conveyed; that the trust was a dry, executed trust, and consequently the trustee had no interest in the property. The only question presented by the record is the action of the circuit court in sustaining defendant's objection to the introduction of further testimony, and in dismissing plaintiff's bill under the theory that the action was barred by the statute of limitations. The solution of this question involves the construction of the deed in question. In our opinion, by the deed under consideration, the entire legal title to the property was vested in Philip Schmidt, as trustee. Power was given the trustee to collect the rents and profits of the premises and pay those over to plaintiff, at that time and until 1893, a married woman, with the added power to sell, convey, lease or rent same, upon her request in writ-

ing, and this active duty operated to vest in the trustee the legal title to the premises.

Apart from the active duties of the trustee in respect to leasing, selling, mortgaging and collecting rents and profits, as said above, plaintiff was shown to have been a married woman at the time of the execution of the deed and up to 1893. Therefore the statutes of uses and trusts (R. S. 1889, chapter 168) did not execute the use, but the legal title remained in Schmidt, the trustee, at the time adverse possession was taken in August, 1882, under the first tax deed, and still continued in the trustee, until the death of plaintiff's husband in September, 1893. [Walton v. Ketchum, 147 Mo. loc. cit. 218; Tiedeman on Real prop., sec. 469; 1 Perry on Trusts (4 Ed.), sec. 310.]

This precise question has been frequently determined by former adjudications of this court. In the late case of Walton v. Drumtra, 152 Mo. 489, the Court in Banc, after a careful consideration and review of all the cases, adopted the same rule. The deed passed upon in that case is in all material respects identical with the conveyance under consideration here, except that in that deed it was provided that if the *cestui que trust* did not dispose of the property by deed or will, the trust should cease at her death, and the property revert to her husband, whereas in the case at bar the deed contains no such provision. This, however, does not affect the point in judgment. In that case it was held, in effect, that the *cestui que trust* being a married woman at the time of the execution of the conveyance passed upon, the statute of uses and trusts did not vest the fee to the property in her, but simply an equitable life estate with power to convey a fee, the legal estate remaining in the trustee, in trust for Barbara Ann Yore, until her death, when the trust terminated and the property reverted to Patrick Yore by way of executory limitation. The case is directly in point and con-

trols the decision in this case. That decision lays down no new principle of law, as has been suggested, but on the contrary, it proceeds upon the line of a reaffirmance of what this court had previously decided in several notable cases, which are reviewed at length. It will be seen from the reading of that opinion that the questions raised on this appeal are there so fully discussed and the authorities examined so exhaustively, that a rediscussion now seems wholly unnecessary. In view of the rule announced in Walton v. Drumtra, *supra*, it further seems unnecessary to follow the discussion of counsel for plaintiff as to what constitutes what is commonly denominated a dry trust.

We think the Walton case is also decisive of that point. As we have already seen, the statute did not execute the use in plaintiff, but the legal title remained in Schmidt, the trustee. It therefore, clearly became his duty to protect the possession for her benefit. But it appears from the petition that he did not do so. On the contrary, he suffered the property to be sold in July, 1882, under execution issued in judgment for back taxes, and permitted defendant to take actual adverse possession of the premises in August of that year under the first tax deed, and it further appears from the averment in the petition that this adverse possession continued until the trustee was barred; and as was said by this court in the case of Walton v. Ketchum, 147 Mo. loc. cit. 219: "It must now be regarded as settled in this state that when the trustee who has the legal title and the sole right to sue for possession is barred, the *cestui que trust*, though a minor or married woman, is likewise barred." It necessarily follows that the adverse possession held under the second tax deed also bars the plaintiff's right of action.

It will be observed that the petition alleges that the publication in the second tax suit was based on *non est* returns. True it is stated as a legal conclusion, however,

that such publication was wholly unauthorized, and that the defendants were never notified.

This latter averment must be disregarded, however, as being a mere conclusion of law. It will, therefore, be seen that the sheriff's deed under the second tax judgment passed a title to defendant Collins, who in turn conveyed to defendant Oliver, notwithstanding the judgment was vacated by the circuit court on motion at a subsequent term. The purchaser not having any notice thereof was not to be affected thereby.

It is not averred that any fraud or bad faith was practiced in the sale under the first tax judgment, so as to affect the color of title thereby acquired. This observation applied with equal force to the sale, under the second tax judgment.

The averment of the petition "that defendant Isaac M. Mason as sheriff wrongfully and illegally sold all of said property which was worth $2,500 to satisfy said execution, which was only $27 and costs, to the said J. W. Collins," is merely a conclusion of law, and not the statement of any fact as to the character or manner of the sale, and consequently is not entitled to any consideration. [Nichols v. Stevens, 123 Mo. 96; Clough v. Holden, 115 Mo. 336.]

It follows from what is here said, that the judgment of the circuit court will be affirmed, and it is so ordered.

*Brace, C. J., Marshall* and *Valliant, JJ.,* concur.