D. A. MANSUR, Respondent, v. CLIFF P. CHAMBERLIN et al., Appellants.

Kansas City Court of Appeals, March 4, 1912.

LANDLORD AND TENANT: Rent Accrued: Forfeiture: Demand: Waiver. A demand for the rent accrued *before* a forfeiture right has become fixed, is not a waiver of the forfeiture. But a demand for rent accrued *after* the forfeiture right, is a waiver.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook,* Judge.

AFFIRMED.

*W. F. Zumbrunn* for appellants.

(1) Plaintiff's right to forfeiture was waived by recognizing defendants as his tenants and demanding rent after right of forfeiture had accrued. Camp v. Scott, 47 Conn. 366; Conger v. Durye, 90 N. Y. 600; Nagel v. League, 70 Mo. App. 487; Garnhart v. Finney, 40 Mo. 449; Platt on Leases, 468; Murray v. Aorway, 56 N. Y. 342; 18 Am. & Eng., (2 Ed.), 382, sec. B. 24 Cyc. 1360, sec. 2; Tailor on Landlord and Tenant, 497. (2) Any recognition of tenancy either by act, such as demand for rent, or any recognition of tenants, as still being tenants, is a waiver of the right of

forfeiture. (3) Courts do not favor forfeitures and the slightest acts inconsistent with the right, is sufficient to justify the court in refusing to enforce a forfeiture. (4) The court erred in overruling defendants objection to the introduction of any testimony because the petition does not state a cause of action. Nagel v. League, supra; Camp v. Scott, supra; Johnson v. Hargrove, supra. (5) The court committed error in overruling defendants' demur to the evidence at the close of plaintiff's case. (6) The court committed error in peremptorily instructing the jury to return a verdict for plaintiff. Gannon v. Gas Co., 145 Mo. 502; McManus v. Railroad, 118 Mo. App. 153; Porter v. Stockyards, 213 Mo. 372; Hunter v. Wethington, 205 Mo. 284.

*Botsford, Deatherage & Creason* for respondent.

(1) Defendants' alleged motion for new trial and in arrest of judgment being in fact nothing but a motion in arrest of judgment, this court can only review the record proper. McKee v. Jones Dry Goods Co., 132 S. W. 1911; Hayes v. Foos, 223 Mo. 421; McCarty v. O'Brien, 137 Mo. 584; Garnett v. Publishing Co., 136 S. W. 736. (2) Even if this court should hold that the alleged motion for a new trial and in arrest of judgment were both a motion for new trial and in arrest, still the motion for a new trial was waived by appellants because they were considered together and ruled on together and at the same time by the trial court, and only one exception was taken to the action of the court in ruling on the same. McKee v. Jones Dry Goods Co., 132 S. W. 1191; State v. Griffie, 118 Mo. 182. (3) Plaintiff's Statement stated a good cause of action for unlawful detainer. Ish v. Chilton, 26 Mo. 256; Alexander v. Westcott, 37 Mo. 109; Bradford v. Telly, 65 Mo. App. 181. (4) Plain-

tiff's demand *after* forfeiture for rent due *prior* to forfeiture is not a recognition of tenancy; nor does it constitute a waiver of the right of forfeiture. 24 Cyc. pp. 1360-1361; 18 Am. & Eng. (2 Ed.), pp. 384-387; Mooers v. Martin, 23 Mo. App. 654; McCroskey v. Harndon, 108 Ga. 640; Pendell v. Mining Co., 64 Mich. 179; Taylor on Landlord and Tenant (9 Ed.), sec. 499; Tindeke v. Realty Co., 146 Fed. 630; Underhill on Landlord and Tenant, pp. 648-650-656. (5) The trial court did not err in peremptorily instructing the jury to find for plaintiff. The record evidence and defendants' admissions made a case warranting a judgment for plaintiff.

ELLISON, J.—This is an action for unlawful detainer, in which the plaintiff had judgment in the circuit court.

The premises were situate in Kansas City, Missouri, and were leased to defendants for a term of five years, at a monthly payment, in advance, on the 15th of each month, of one hundred and fifty dollars. The agreement provided that a non-payment of rent as stipulated should forfeit the lease without notice. The rent due the 15th of September, 1910, was not paid, and on the 19th of that month plaintiff went to the premises and demanded it, and so he did again on the next day.

It is contended that since plaintiff demanded the rent after it was due, and after his right of forfeiture had accrued, he waived the forfeiture. This is not the law. If one entitled to a forfeiture demands rent *accrued after* the date of the right of forfeiture, he waives the forfeiture; but there is no waiver in demanding the payment of that, upon the non-payment of which, the forfeiture depends. To accept rent accruing after the right of forfeiture has become fixed, is a recognition of a continued tenancy and waives the forfeiture, but no such result follows a demand for

what has accrued prior to the forfeiture. [Jackson v. Allen, 3 Cow. 220; Bleecker v. Smith, 13 Wend. 530; Camp v. Scott, 47 Conn. 366; Silva v. Campbell, 84 Cal. 420, 422; Pendill v. Union Mining Co., 64 Mich. 172, 179; 2 Taylor's Land. & Ten., secs. 497, 499; 1 Underhill on Land. & Ten., p. 648; 18 Amer. & Eng. Ency. of Law, 387.] What is said on the subject at all in Mooers v. Martin, 23 Mo. App. 654, s. c. 99 Mo. 94, is in line with these authorities. Nothing said in Garnhart v. Finney, 40 Mo. 449, is opposed to the view stated. The remark in that case "a man may be estopped by acceptance of rent", means rent accrued after forfeiture.

What we have said disposes of objections to the complaint. The judgment is affirmed. All concur.