**BANKERS UNION LIFE INSURANCE CO., Appellant,**

v.

**FLOY HANKS & MISTWOOD, INC., Respondents.**

No. 64257.

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

Michael Madsen, Michael P. Riley, Jefferson City, for appellant.

Ronald K. Carpenter, Camdenton, for respondents.

DONNELLY, Judge.

On March 27, 1973, Jagar Financial Corporation was the owner of real estate located in Camden County, Missouri. Jagar executed a deed of trust in favor of Bankers Union Life Insurance Company securing a promissory note in the amount of $300,000.00. The deed of trust was recorded in the office of the Recorder of Deeds of Camden County.

Jagar failed to pay the real estate taxes on the property for 1974, 1975 and 1976. In 1977, respondent Hanks advertised the real estate for sale in the Camden County Reveille-Leader. Such advertisement conformed to the requirements of § 140.170, RSMo 1978. The name of appellant did not appear in the published notice and appellant was given no notice of the sale.

The sale was held, and on August 22, 1979, a collector's deed was executed with Mistwood, Inc. named as grantee.

Bankers Union filed a petition in the Circuit Court of Camden County, Missouri, in which it alleged that "the Tax Sale * * * was void because [Bankers Union] as a party having an interest in the land was not notified of said sale as required by law * * *."

The trial court heard evidence and dismissed plaintiff's petition. An appeal was taken to the Southern District of the court of Appeals from which this case was trans-

ferred to this Court prior to opinion. Mo. Const. art. V, § 10.

Respondents question the right of appellant to have constitutional questions of due process considered on this appeal. The assertion is not without substance. However, after reading the entire record, we must conclude that the trial court necessarily decided the constitutional questions when it responded adversely to appellant's contention that the tax sale was void because the interest of Bankers Union was such that notice to Bankers Union was "required by law."

Appellant first asserts that the trial court "erred in its application of Article X, Section 13 of the Missouri Constitution and Section 140.150(2), RSMo 1978, by holding that appellant was not a record owner of the real estate involved, and thus was not entitled to a notice of sale for delinquent taxes."

Article X, Section 13 of the Missouri Constitution, which appears as part of § 140.-150, *supra,* reads as follows:

> "No real property shall be sold for state, county or city taxes without judicial proceedings, unless the notice of sale shall contain the names of all record owners thereof, or the names of all owners appearing on the land tax book, and all other information required by law."

It is well-established in Missouri that the deed of trust on the real estate involved here was merely security for the debt, and that Jagar was the true owner of the real estate prior to the tax sale. *Eurengy v. Equitable Realty Corporation,* 341 Mo. 341, 107 S.W.2d 68 (1937); *Kennett v. Plummer,* 28 Mo. 142 (1859). The deed of trust merely evidenced a lien on the land to secure the debt. *Eurengy, supra.* Appellant's first assertion is without merit.

Appellant next asserts that the trial court "erred in its application of the Due Process Clause of the 14th Amendment of the United States Constitution in holding that appellant was not entitled to notice of the sale, in that the failure to give notice deprived appellant of property without due process of law as mandated by said Constitutional Amendment."

In *Lohr v. Cobur Corporation,* 654 S.W.2d 883 (Mo. banc 1983) (No. 64021, decided concurrently herewith) this Court observed that a lien held by virtue of a deed of trust is "property" protected by the Due Process Clause of the Fourteenth Amendment and that notice of a tax sale by publication is insufficient if the name and address of the deed of trust beneficiary are identified in a deed of trust that is publicly recorded.

Accordingly, the judgment of the trial court is reversed and the cause remanded for consideration in light of *Lohr.*

WELLIVER, HIGGINS, GUNN and BILLINGS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

RENDLEN, C.J., concurs in result.

BLACKMAR, Judge, concurring.

I concur. Reconsideration is necessary because of the holding in *Mennonite Board of Missions v. Adams,* —— U.S. ——, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), as discussed in *Lohr.* On remand the parties will have the opportunity to tender such amendments to the pleadings and to offer such evidence as they deem necessary under the instruction of those decisions.