JOSEPH FREYMOTH, Appellant, v. FANNIE NEL-
SON et al., Respondents.

### St. Louis Court of Appeals, April 24, 1900.

Covenant of Seizin: SUIT FOR BREACH THEREOF: DAMAGES:
WHEN RECOVERABLE. The surrender of possession by Erisner
to respondents, being voluntary and not to parties having the para-
mount title with the right of immediate possession, there was no such
breach of the covenant of seizin as would entitle Erisner, or his
assignee to a recovery of the purchase price of the land.

Appeal from the Lincoln Circuit Court.—*Hon. Elliott M.
Hughes*, Judge.

AFFIRMED.

*Martin & Woolfolk* for appellant.

(1) Erisner surrendered possession under the judg-
ment of eviction and the paramount title held by Belle Simp-
son and Commelia Woodson. The judgment in favor of
Belle Simpson and Commelia Woodson for possession was
sufficient without actual eviction. Walker v. Deaver, 79 Mo.
664; Wheelock v. Oversheimer, 110 Mo. 100; Snell v. Har-
rison, 131 Mo. 495; Home Insurance Co. v. Sherman, 46
N. Y. 370. (2) Independent of the judgment and in addi-
tion thereto the plaintiff showed that Belle Simpson and
Commelia Woodson owned and held the paramount title to
one-sixth of the land at the time defendants deeded to Erisner.
The common source of title was John H. Simpson upon whose
death it passed to his two children, Fannie Nelson and Riley
Simpson, and upon the death of Riley one-half of the land
passed to his heirs, his mother, Nora Simpson, and his sister,
Fannie, full share and to his half sisters Belle Simpson and

Commelia Woodson, each half shares. Erisner did not have to wait until he was evicted. He could surrender to the owner of the paramount title and recover the purchase price. Hall v. Bray, 51 Mo. 288; Ward v. Ashbrook, 78 Mo. 515; Jones v. Whitsett, 79 Mo. 188; Lambert v. Estes, 99 Mo. 604; Eagan v. Martin, 71 Mo. App. 60. (3) The cause of action was assignable. Van Doven v. Relf, 20 Mo. 455; Allen v. Kennedy, 91 Mo. 324.

*Norton, Avery & Young* for respondent.

(1) Now after Erisner notified respondents of the ejectment suit, and respondents employed counsel and joined themselves with him as co-defendants, and perfected an appeal from the judgment of lower court against Erisner, can Erisner after asking and accepting such assistance from respondents, voluntarily surrender possession against wishes of respondents. (2) His recovery if any, is for purchase money paid, with six per cent interest. If he has not paid the purchase money can he recover same? If he has not paid the purchase price, how is he damaged? He agreed to pay $1,390 for the whole interest. He did pay $600 cash and agreed to pay the remaining $790 in one year after purchase, with 8 per cent interest. He testified that he paid nothing on the $790 note whatever, and after about three years, the deed of trust securing note was foreclosed, and land was sold to Charles Martin, one of appellant's attorneys, for $300. The interest on unpaid purchase price is about $200, so after crediting said $790 note with the $300 realized from the deed of trust sale, there is yet due from Erisner about $700. He has not fully paid respondents for the five-sixths interest which he did acquire, much less for the one-sixth interest which he voluntarily surrendered. In case of Van Court v. Moore, 26 Mo. 92, we understand the opinion of Judge Richardson to hold that grantee can not recover on breach of

warranty unless he had fully paid purchase price. (3) The covenant of warranty expressed in the deed and the statutory covenant of warranty implied in the words "grant, bargain and sell" run with the land to each subsequent grantee, and the cause of action enures to the person who is owner of the title at the time the eviction is suffered and the covenants are broken. Jones v. Whitsett, 79 Mo. 188; Dickson v. Desire, 23 Mo. 151; Chambers v. Smith, 23 Mo. 174.

BLAND, P. J.—On March 14, 1900 and since the delivery of our opinion, the supreme court in the case of Belle Simpson et al. v. James Erisner, (155 Mo. 157) handed down an opinion, wherein it is held that the title to the lands conveyed by defendants in this suit to Erisner, is under the will of John H. Simpson vested in trustees named in the will for and during the life of the widow of the testator. The record as presented to us does not contain the will of Simpson, and it was admitted by both parties that the title to the lands on the death of Simpson immediately vested in the legatees in his will. On this hypothesis the first opinion correctly states the law of the case. The widow of Simpson was alive when the suit was commenced. The right of possession was therefore in the trustees appointed by the will of Simpson. The surrender of his possession by Erisner to the respondents was therefore voluntary, not under compulsion, nor to parties having the paramount title with the right to immediate possession, and hence there was no such breach of the covenant of seizin as entitled Erisner or his assignee to sue for a recovery of the purchase price of the land.

Judgment affirmed. Judge *Bond* concurs; Judge *Biggs* absent.