In the Matter of the FORECLOSURE OF TAX LIENS BY THE COUNTY OF ERIE, Appellant. MANUFACTURERS AND TRADERS TRUST COMPANY et al., Respondents.

Fourth Department, November 7, 1984

APPEARANCES OF COUNSEL

*Eugene F. Pigott, Jr.*, County Attorney (*Peter Nichols* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear* (*Jerome D. Schad* of counsel), for Manufacturers & Traders Trust Company, respondent.

*Gary M. Schaff* for G.M.E.S., Ltd., respondent.

OPINION OF THE COURT

DOERR, J.

The question presented on this appeal is whether the Erie County Tax Act (L 1942, ch 812, as amd), which does not require personal notice to mortgagees prior to in rem tax foreclosure, is unconstitutional in light of *Mennonite Bd. of Missions v Adams* (462 US 791, 51 USLW 4872), holding that such notice is required. The Erie County Tax Act differs in one material respect with the Indiana tax statute held unconstitutional in *Mennonite*. The Erie County scheme permits a mortgagee to file, with the County Commissioner, a statement requesting notice of an

impending tax foreclosure. The Supreme Court, in its *Mennonite* decision, observed that Indiana had passed a similar amendment but, since the law was passed subsequent to the tax sale in question, the court had no occasion to rule on the constitutionality of the amendment (see *Mennonite Bd. of Missions v Adams, supra,* p ——, n 2, p 4872, n 2). Thus, we are faced squarely with the issue left open by the Supreme Court.

The facts which give rise to the instant appeal are not in dispute. The Erie County Attorney commenced in rem foreclosure proceedings in February of 1983 against some 2,800 parcels of property in the county, one of which was the subject property, 360 Greenhaven Terrace, Tonawanda, New York. Manufacturers and Traders Trust Company (M & T) held a lien on the property by virtue of a purchase-money mortgage in the amount of $65,000. The mortgage was recorded in the Erie County Clerk's office on March 9, 1979. Notice of the in rem action was duly published in local newspapers, and posting was accomplished in accordance with the Erie County Tax Act (§ 11-12.0). In addition to this public notice, notice of the foreclosure proceedings was mailed to the owners of record in accordance with section 11-13.0 of the Erie County Tax Act. The act does not require notice to other persons who might have a lien on the property, and none was given. Upon learning of the sale and the foreclosure of its rights under the mortgage, M & T moved to cancel the sale on the grounds that the Erie County Tax Act is unconstitutional insofar as it authorizes foreclosure proceedings and the sale of property subject to recorded mortgages without requiring personal notice to the mortgagee. Relying upon *Mennonite Bd. of Missions v Adams (supra)*, County Court agreed with the bank's position and vacated the sale of the premises in question. The county appeals, arguing that the Erie County scheme provides adequate notice. We disagree.

Upon the execution of a mortgage, the mortgagee acquires a lien on the owner's property as well as his personal obligation to repay the debt secured. This security generally has priority over all subsequent claims or liens. "The purchaser of property at a tax sale, upon receiving a valid

deed, acquires a new and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it and not merely the title of the prior owner or the party assessed for taxes" (*Melahn v Hearn,* 60 NY2d 944, 946). Since the tax sale purchaser acquires title free of all liens and other encumbrances, the interest of an unnotified mortgagee is immediate and drastically diminished, particularly since there is no period of redemption after the sale (Erie County Tax Act, § 11-25.0), as there is in an in personam proceeding (Erie County Tax Act, § 7-14.0).

In *Mennonite Bd. of Missions v Adams* (*supra*) the United States Supreme Court held that the Indiana tax statute, which did not provide for personal notice to mortgagees, violates the due process clause of the United States Constitution. "Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale" (*Mennonite Bd. of Missions v Adams,* 462 US 791, __, 51 USLW 4872, 4874,. *supra*). This holding has been subsequently followed in other States (see, e.g., *First Pa. Bank v Lancaster County Tax Claim Bur.,* __ Pa __, 470 A2d 938; *Federal Deposit Ins. Corp. v Morrison,* 568 F Supp 1240 [Ala]; *Lohr v Cobur Corp.,* 654 SW2d 883 [Mo]; *Bankers Union Life Ins. Co. v Floy Hanks & Mistwood,* 654 SW2d 888 [Mo]; *United States v Malinka,* 685 P2d 405 [Okla]; *White v Lee,* __ NH __, 470 A2d 849)[1] and applied to land contract vendees (*Harris v Gaul,* 572 F Supp 1554 [Ohio]) and judgment creditors (*Matter of Upset Sale,* __ Pa __, 479 A2d 940).

At the outset, we note that the *Mennonite* decision (*supra*) is applicable to this case. The decision was handed down on June 21, 1983, and the foreclosure sale in question occurred on June 22 or June 23, 1983. Thus, we need not decide in this case whether the *Mennonite* decision (*supra*) should apply retroactively to hold that the foreclosure sale

---

1. The Illinois scheme, which requires the tax sale purchaser to provide mailed notice to mortgagees prior to expiration of the period of redemption, was held constitutional (*Rosewell v Chicago Tit. & Trust Co.,* 99 Ill 2d 407, US app pending). The Oregon statutes, which do provide for mailed notice to the mortgagee prior to foreclosure proceedings, also survived *Mennonite* (*Grant County v Guyer,* 296 Ore 14, __, 672 P2d 702, 706-707).

herein should be set aside. Nor are we persuaded that a retroactive application of the *Mennonite* holding would impair the security of tax foreclosure titles, since the Erie County Tax Act itself provides that objections to the regularity of foreclosure proceedings must be brought within two years of the recording of the deed. After such time, the presumption of validity becomes conclusive (Erie County Tax Act, § 11-25.1).

Turning, then, to the substantive issue, we find that the Erie County Tax Act provides inadequate notice to satisfy due process requirements as enunciated by the Supreme Court. The act contains a provision by which a mortgagee may request that the Commissioner of Finance provide notice of an impending tax foreclosure, a request which is good for only two years (Erie County Tax Act, § 11-14.0).[2] However, this section also provides that "[t]he failure of the county attorney to mail such notice as herein provided shall not affect the validity of any proceeding brought pursuant to the in rem provisions of this act". The county suggests that, absent this last sentence, the notice provisions would otherwise be adequate. We disagree.

The *Mennonite* decision (*supra*) reaffirmed the principles established in *Mullane v Central Hanover Trust Co.* (339 US 306), holding that where a property interest is at stake, a party must be afforded that degree of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Where the property owner's name and address are readily ascertainable, notice by publication must be supplemented by mailed notice (*Mullane v Central Hanover Trust Co., supra,* p 315).

In *Mennonite* (*supra*), the Supreme Court clearly stated that the onus is on the State to provide notice, notwithstanding that the mortgagee, which is often a sophisticated creditor, might take steps to protect its own interest. "[A] party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation" (*Mennonite Bd. of Missions v Adams,* 462 US 791, __, 51 USLW 4872, 4874, *supra*). In short, the State has the constitutional obligation to provide mortgagees notice before di-

---

2. M & T Bank has not taken advantage of this provision.

vesting them of their interest. That duty cannot be abrogated by requiring the mortgagee to request notice. The State has an obligation to all mortgagees, not merely those who request notice.

Our view is shared by the State Comptroller (see 1983 Opns St Comp No. 83-215, p 280) and one other appellate court which has addressed the issue (*United States v Malinka,* 685 P2d 405, 408-409, *supra*).

Finally, we note that the in rem proceedings set forth in the Erie County Tax Act are more severe than the Indiana statute held unconstitutional in *Mennonite* (*supra*). Under the Erie County scheme, the period of "redemption" may be as short as seven weeks from the time of the first published notice (Erie County Tax Act, § 11-12.0), whereas Indiana allowed a two-year period of redemption after the tax sale. The Erie County statutes create a real danger that a mortgagee will be forever divested of his property without ever learning of the impending foreclosure. This problem would only be exacerbated by the recent trend in which many noninstitutional lenders, particularly private persons who engaged in seller financing, finance real estate transactions. The State has a constitutional duty to provide notice to persons before divesting them of their property. This constitutional duty cannot be met by shifting the burden to the property owner. Accordingly, the judgment of County Court, setting aside the tax foreclosure sale, should be affirmed.

BOOMER, J. (concurring). I concur in the result reached by the court. The Erie County Tax Act (§ 11-14.0; see, also, Real Property Tax Law, § 1126) provides that notice of the commencement of an in rem tax foreclosure proceeding shall be mailed to any mortgagee and lienor who files with the taxing authority a notice giving his name and address and a description of the property in which he has an interest. It further provides, however, that "[t]he failure of the county attorney to mail such notices * * * shall not affect the validity" of the proceeding. Thus, mortgagees are told by the terms of the statute that their efforts to receive notice of pending tax foreclosure proceedings by filing their names and addresses with the taxing authorities may be meaningless, since the taxing authorities may ignore the

filing without consequence. We should not deprive mortgagees of their right to notice because of their failure to perform an act that may afford them no protection.

The majority holds that the legislature cannot require mortgagees to file their names and addresses with the taxing authority as a precondition to the mailing of notice to those mortgagees, even if the failure to mail would affect the validity of the proceedings. I respectfully disagree. In *Mennonite* (*Mennonite Bd. of Missions v Adams,* 462 US 791, __, n 2, 51 USLW 4872, n 2), the Supreme Court declined to rule on this issue. Pertinent to the resolution of the issue are the following remarks by the dissent in *Mennonite* (462 US 791, __, 51 USLW 4872, 4875, *supra*): "[N]otice is constitutionally adequate when 'the practicalities and peculiarities of the case ... are reasonably met.' * * * Whether a particular method of notice is reasonable depends upon the outcome of the balance between the 'interest of the State' and 'the individual interest sought to be protected by the Fourteenth Amendment.' " Considering the practicalities and peculiarities of this case and balancing the interest of the State and the individual interest, it is not unreasonable to require mortgagees, by statute, not only to record their mortgages in the County Clerk's office, but also to file their names and addresses with the taxing authorities.

The municipality has a substantial interest in collecting delinquent taxes expeditiously through practical procedures. A heavy burden will be placed upon the County of Erie if it is required to make a title search of each of the thousands of properties involved in tax foreclosure proceedings every year. The county will face a further burden in investigating the proper addresses of these mortgagees who appear on the title search. Moreover, the municipality will be subject to the uncertainty of not knowing whether the steps it has taken to ascertain the identity or whereabouts of mortgagees will be held to be reasonable.*

---

* In *Mennonite,* the court held: "[U]nless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane* * * * We do not suggest, however, that a governmental body is required to undertake extraordinary efforts to discover the identity and whereabouts of a mortgagee whose identity is not in the public record" (*Mennonite Bd. of Missions v Adams, supra,* p __, and n 4, p 4874, and n 4).

On the other hand, the individual mortgagees have a substantial interest in protecting their property rights. The Supreme Court has held in *Mennonite* (*supra*) that individual mortgagees should not be required to undergo the burden of ascertaining whether the owners have failed to pay their taxes and whether the municipality has instituted foreclosure proceedings. While it is unreasonable to expect the unsophisticated mortgagee to take steps on his own to ascertain whether tax foreclosure proceedings have been instituted, it is not unreasonable to expect such a mortgagee to file a statement with the taxing authorities, if required by the mandatory provisions of a statute. Mortgagees who draw their own mortgages and record them in the clerk's office do not lack the sophistication to file a statement with the taxing authorities, and it should be expected that attorneys who represent mortgagees will advise their clients of the additional filing requirement.

CALLAHAN, J. P., DENMAN and O'DONNELL, JJ., concur with DOERR, J.; BOOMER, J., concurs in a separate opinion.

Order affirmed, without costs.