**Charles COOPER, Plaintiff,**

v.

**William J. MAKELA, Jr., United States of America, et al., Defendants.**

**No. CIV–84–829T.**

United States District Court,
W.D. New York.

March 6, 1986.

---

James E. Halpin, Odessa, N.Y., for plaintiff.

Kurt A. Franzenburg, Oswego, N.Y., for Makela.

Salvatore R. Martoche, U.S. Atty. (Kathleen M. Mehltretter, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for defendants.

## DECISION and ORDER

TELESCA, District Judge.

This is an action to quiet title to a piece of land located in Schuyler County, New York which was originally brought by the plaintiff in state court, and subsequently removed to this Court pursuant to 28 U.S.C. §§ 2410 and 1444. The plaintiff asks that a mortgage lien of the United States of America should be extinguished, and barred as the result of an *in rem* tax foreclosure proceeding brought by the treasurer of Schuyler County.

The Government now moves for summary judgment, claiming that it was never given adequate notice of the tax sale and therefore its mortgage lien cannot be extinguished. The Government requests this Court to determine that New York Real Property Tax Law §§ 1002 and 1014 are unconstitutional since they fail to require adequate notice to a mortgagee having a claim or interest in the property subject to foreclosure in violation of the Due Process Clause of the Fourteenth Amendment.[1] The question presented therefore is whether the New York Real Property Tax Law §§ 1002 and 1024, which do not require personal notice to mortgagees prior to an *in rem* tax foreclosure, are unconstitutional in light of *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).[2]

## BACKGROUND

The facts which give rise to this case are not in dispute. In November of 1978, Mr. and Mrs. William Makela, co-defendants in this action, obtained two loans from the Farmers Home Administration (FmHA), an

1. The United States is asserting its rights as the holder of a mortgage on the property at issue here. No one has appeared in opposition to the Government's motion, and thus, no one has questioned whether the federal government, as a mortgagee, has the same rights to notice as an individual mortgagee under the Fourteenth Amendment. Because the State has not challenged the Government's right to notice, this Court will accept, without further discussion, the Government's right, as mortgagee, to proceed here.

2. The Assistant United States Attorney sent a Notice of Claim of Unconstitutionality in this matter to the Attorney General of the State of New York. By letter dated August 22, 1985, the Assistant Attorney General, William J. Goldman, notified this Court that the Attorney General declined to participate in this matter.

agent of the United States Government. As security for one of these loans, the Makelas executed and delivered to the U.S. Government a mortgage to the property in question here, a fifty-two acre tract in Schuyler County. It is not disputed that this mortgage was duly recorded in the Schuyler County Clerk's Office.

The Makelas failed to pay their real property taxes on this land in 1978. As a result, the property was sold at a tax sale on December 12, 1979 to Schuyler County, pursuant to Article 10 of the New York Real Property Tax Law ("RPTL"). The FmHA was never informed of the impending sale of the property, and was unaware of the Makelas' delinquent taxes. In fact, the FmHA continued to receive the required mortgage payments, and had no knowledge that its property interest was in jeopardy. Schuyler County, pursuant to RPTL § 1002, did publish notification of the impending sale of land in two local newspapers once a week for six weeks. But at no time did the FmHA receive actual notice of the impending sale of this property, and the property was eventually sold without its knowledge.

RPTL § 1024 provides for a three-year period of redemption for property which is mortgaged at the time of the tax sale. The county treasurer must again publish a notice once a week for six weeks, within three months prior to the expiration of the redemption period (RPTL § 1014). The county treasurer fulfilled that requirement in this case, and once again, the FmHA received no actual notice of its redemption right.

When no one stepped forward to redeem this property, the land was deeded to Schuyler County on August 1, 1983. A few months later, the property was conveyed to the plaintiff, Charles Cooper, for $1,300.00.[3] In June of 1984, the plaintiff filed an action to quiet title to this property in Supreme Court of New York, Schuyler County, naming the debtor, the U.S. Government and others as defendants. The United States removed the action to this Court, and now moves for summary judgment.[4]

## DISCUSSION

◼ The Fourteenth Amendment of the U.S. Constitution guarantees that no one shall be deprived of life, liberty or property without due process of law. One of the fundamental elements of the due process guarantee is reasonable notice of the opportunity to appear and be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The case at bar presents the question of whether §§ 1002 and 1014 of the New York Real Property Tax Law, which authorize tax sales for delinquent property taxes after only constructive notice to known mortgagees, fulfill the notice requirement of the Fourteenth Amendment. For the reasons specified below, I must conclude they do not.

Article 10 of the New York Real Property Tax Law (RPTL) governs the collection of delinquent property taxes. Section 1002, which regulates the notice to be given prior to the commencement of a tax sale proceeding, provides that notice shall be given by publication only.[5] The same is true of Section 1014, which governs the

---

3. The parcel has been valued at $10,000.00, according to the Government's papers.

4. In May of 1984, Mr. Makela filed for bankruptcy. He then sought to impose the automatic stay provision of 11 U.S.C. § 362 as a defense to this action. The United States filed a motion for relief from the automatic stay, and the motion was granted by Bankruptcy Judge Mahoney of the Northern District of New York, who found § 362 inapplicable in this case.

5. RPTL § 1002 provides: The county treasurer shall at the time specified in section ten hundred of this chapter for the commencement of tax sale proceedings in his county, cause a notice of tax sale *to be published* once in each of three non-consecutive weeks in a six week period in two newspapers designated for the publication of the concurrent resolutions specifying a day at the expiration of the six weeks on which the sale will commence at the courthouse of the county. (emphasis added)

notice which must be given prior to the sale of unredeemed property.[6]

It is interesting that the county treasurer must in addition to giving notice by publication at least three months before the expiration of one year, send that same notice of redemption by first class mail to the "owner or occupant, as shown on the assessment roll of each parcel sold and unredeemed ..." No such personal notice is required to be given to a mortgagee. RPTL 1014(3). Thus, a mortgagee is effectively denied any notice of either the commencement of the delinquent tax sale proceedings or of its right to redeem the taxes and bid in on the tax sale. Since the tax sale purchaser acquires title free of all liens and other encumbrances, the interest of an unnotified mortgagee is immediately and drastically diminished since he is denied his right to redeem after the sale.

*Mullane v. Central Hanover Bank & Trust Co.* (339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865) held that where a property interest is at stake, a party must be afforded that degree of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. That case concerned the notice required to beneficiaries of a trust in a proceeding to judicially settle the trustee's accounts. The Supreme Court held that notice by publication alone of such a proceeding to the beneficiaries whose names and addresses appeared on the trustee's records was insufficient notice under the Due Process Clause. Since the names and addresses were either known or reasonably ascertainable by the trustee, he was required to provide notice by mail or other means as certain to ensure actual notice to the beneficiaries interested in the proceeding. The Court held that the minimum requirement of Due Process "... is notice reasonably calculated under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance". *Id.*, at 314, 70 S.Ct. at 657 (citations omitted).

Thirty-three years later in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court held that an Indiana tax statute, which did not provide for personal service to mortgagees, violated the Due Process Clause of the United States Constitution. "Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Id.*, 103 S.Ct. at 2711. In reaffirming the principles established in *Mullane v. Central Hanover Trust Company, supra,* it held that where the property owner's name and address are readily ascertainable, notice by publication must be supplemented by mailed notice. Thus it is the state's obligation to provide notice, even though the mortgagee may be a sophisticated creditor and might be capable to take steps to protect its own interest. "[A] party's ability to take steps to safeguard its interests does not relieve the state of its constitutional obligation." *Mennonite, supra,* p. 2712. In short, the state has the constitutional obligation to provide mortgagees notice before divesting them of their interest.[7]

6. RPTL § 1014 states in relevant part: The county treasurer shall, at least three months before the expiration of the one year allowed for the redemption of lands sold by him for taxes, cause commencement *of publication* of a notice once in each of three non-consecutive weeks in a six week period in the newspapers designated by the board of supervisors of the county for the publication of concurrent resolutions, such notice to contain a list of the lands in the county sold for taxes and unredeemed, specifying particularly every parcel unredeemed, the amount necessary to redeem the same computed to the last day in which such redemption can be made and stating that unless such lands are redeemed on or before such day they will be conveyed to the purchaser. (emphasis added)

7. *See In Re Foreclosure of Tax Liens by the County of Erie,* 103 A.D.2d 636, 481 N.Y.S.2d 547 (4th Dept.1984), which dealt with the same ques-

Here, the United States Government as mortgagee had a clearly identifiable lien interest in the 52 acre tract in Schuyler County which was recorded in the County Clerk's office. It was not necessary for the county treasurer to "undertake extraordinary efforts to discover the identity and whereabouts" of this mortgagee. *Id.*, n. 4. The county treasurer was required, however, under *Mullane* and *Mennonite*, to give the mortgagee notice "reasonably calculated, under all the circumstances, to apprise [it] of the pendency of the action." *Mullane, supra,* 339 U.S. at 314, 70 S.Ct. at 657.

## CONCLUSION

Accordingly, plaintiff's request for judgment extinguishing the mortgage lien of the United States dated November 13, 1978 and recorded November 16, 1978 in the Schuyler County Clerk's office in Liber 139 of Mortgages at pg. 190 is denied. The *in rem* tax foreclosure proceeding conducted on December 12, 1979 in which the parcel of land in question was sold at public auction without adequate notice to the Government (as Mortgagee) of the commencement of the proceeding and later of its right to redemption pursuant to the provisions of Article 10 of the New York Real Property Tax Law was constitutionally defective.

There being no just reason for delay, the Clerk of this Court is directed to enter judgment in favor of the United States Government as to the validity of the lien of a mortgage dated November 13, 1978 and recorded on November 16, 1978 in the Schuyler County Clerk's office in Liber 139 of Mortgages at page 190 pursuant to F.R. Civ.P. 54(b). The Government's interests having been disposed of in this decision, the balance of the case is remanded to New York State Supreme Court, Schuyler County for determination of the remaining claims in the complaint. The Clerk of this Court is further directed to file a copy of this judgment in the Schuyler County Clerk's office.

ALL OF THE ABOVE IS SO ORDERED.

tion of personal notice to mortgagees. Although the case dealt with the Erie County Tax Act § 11–14.0 (similar to RPTL § 1126) which required the mortgagee to file with the taxing authorities his name and address as a precondition to the mailing of notice to those mortgagees, the court held that the state's duty to notify persons before divesting them of their property could not be met by first shifting that burden to the mortgagee. Relying upon *Mennonite* the court stated, "[i]n short, the State has the constitutional obligation to provide mortgagees notice before divesting them of their interest. That duty cannot be abrogated by requiring the mortgagee to request notice. The state has an obligation to *all mortgagees*, not merely those who request notice." *Id.*, at p. 639–640, 481 N.Y.S.2d 547 (emphasis added).