OPINION OF THE COURT
Harold Baer, Jr., J.
In this CPLR article 78 proceeding, petitioner, the owner of New York City property subject to real estate taxes, seeks a judgment declaring an increase in the assessed valuation of the property void and unenforceable as violative of petitioner’s constitutional rights. Further, he seeks a judgment restoring the assessed valuation to its former level. Respondent cross-moves to dismiss the petition.
*1052 The petitioner purchased the buildings at 613 and 617-19 West 144th Street on November 30, 1987 for $583,000 from Leon Torres and Raul Torres. Incidental to the transfer and in compliance with chapter 21 of title 11 of the Administrative Code of the City of New York (former tit II, ch 46), petitioner filed a transfer tax return with the City Register but did not file an owner’s registration card with the City Collector.
On January 15, 1988, the tentative assessment of the city for the 1988-1989 tax year was promulgated and the assessed valuation of the subject property was $65,000. This amount was increased to $130,000 by the Department of Finance, and that figure was maintained on the open books for public inspection until closed on May 25, 1988, when the $130,000 figure became finalized as the new assessed valuation. The procedure used here is authorized by section 1512 of the New York City Charter, which provides that 10 days’ prior written notice of an increase in the assessed valuation must be given to the "person whose name appears on the records in the office of the city collector as being the owner or agent of the owner of the real estate” and that, "such owners may apply for a correction of such assessment so added or so increased within twenty days after the mailing of such notice”. Petitioner failed to reveal his interest in the property by neglecting to file an owner’s registration card upon his purchase of the property. Therefore, under section 1512, the notice was sent to the Torres (the parties from whom the petitioner bought the property) who were, at the time of the assessment, the only publicly known owners of the property, and, who had, during their term of ownership, complied with former chapter 46 of former title II of the Administrative Code in its direction to file an owner’s registration card. Hence, no notice of the change in assessed valuation was sent to petitioner during the term provided for in section 1512, and, consequently, no application by petitioner for correction of the increase was made during the permitted time period.
Petitioner maintains it is aggrieved by this lack of notice and the final assessment upon close of the period was an impermissible constitutional deprivation citing, inter alia, Mennonite Bd. of Missions v Adams (462 US 791 [1983]). The authorities relied upon by petitioner are tax foreclosure matters, which are unlike the case at bar.
Here, the city attempted to provide notice to a property owner well in advance of any circumstances in which a *1053 foreclosure or taking of a property interest in a constitutional sense might occur. (See, e.g., Matter of Foreclosure of Tax Liens, 103 AD2d 636 [1984].) Moreover, Mennonite (supra) involved a situation where the statute, unlike section 1512 at issue here, failed to provide for any notice to a party with a legally protected property interest, i.e., the mortgagee. There, the court determined that where the mortgagee is identified in a publicly recorded mortgage, notice by publication must be supplemented by notice mailed to the mortgagee’s last known address. A procedure similar to the one followed by respondent.
Petitioner contends that the filing of the real property transfer tax return on November 30, 1987 was sufficient notice to the city that petitioner was the owner of the property, and he was therefore entitled to contest any increase in assessment and, furthermore, the challenged provisions in section 1512 of the New York City Charter are unconstitutional because of a typographical error that requires a mailing to the "least” address (instead of "last” address). Neither argument is persuasive.
Respondent’s provision to insure notice was ignored by petitioner, and, therefore, it cannot be said, as petitioner complains, that respondent arbitrarily disregarded petitioner’s right to notification of the assessment increase. Further, the filing of a transfer tax return has never been held to be chargeable notice of ownership to the municipal subdivision responsible for promulgating notices to property owners.
No arbitrary conduct is perceived and the notification requirements were properly interpreted and followed by the fiscal officers. (See, e.g., Matter of Bernstein v Toia, 43 NY2d 437 [1977].)
Petitioner’s challenge to the constitutionality of the statute is not well founded since there is no defect in the statute that warrants a cognizable claim for declaratory relief on that ground (cf., Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400 [1969]), and no need exists to convert this special proceeding into a declaratory judgment action for that purpose (see, Siegel, NY Civ Prac § 436).
Accordingly, the motion to vacate the action of respondent as arbitrary and capricious is denied (see, Matter of Johnson v Joy, 48 NY2d 689), and the cross motion to dismiss the petition is granted.