OPINION OF THE COURT
Leonard N. Cohen, J.
The City of New York (the City) moves, pursuant to CPLR *249 3212, for summary judgment dismissing the complaint in these consolidated actions and granting declaratory relief that it is the sole owner of the subject real properties. Plaintiffs cross-move for an order striking defendant’s affirmative defenses and granting summary judgment in their favor.
These nine consolidated actions were brought pursuant to RPAPL article 15 to determine title to the subject 23 parcels of real property located in Manhattan. Each of the parcels was purportedly conveyed to the City pursuant to a deed made and delivered as the result of a judgment in an in rem tax foreclosure action. The outstanding tax liens on the subject properties ranged from $2,374.97 to $12,999.64. Plaintiffs have alleged their willingness to redeem the properties by payment of all of the taxes due to date. Except for plaintiff owners of parcels 1, 2 and 15, the plaintiffs in these actions claim to be the fee owners of the various parcels, the deeds to which had been duly filed and recorded prior to the commencement of the in rem tax foreclosure actions against each parcel of real property. As for parcels 1, 2 and 15, the plaintiff owners acquired them after the City filed a list of delinquent taxes and commenced an in rem action. All plaintiffs alleged that they were not given legally sufficient notice of the inclusion of their respective properties in the various in rem actions through which title to their properties was purportedly acquired by the City. As plaintiffs assert that they were not afforded adequate due process notice of the proceedings, they contend that the deeds by which the City acquired title are null and void and should be set aside. Although the City asserts that it fully complied with the notice requirements set forth in title 11, chapter 4 of the Administrative Code of the City of New York, plaintiffs argue that the said statute is unconstitutional in that it fails to furnish adequate notice of the pendency of in rem tax foreclosure actions to readily ascertainable owners of record sufficient to meet minimal standards of due process of law.
Pursuant to Administrative Code § 11-405, in rem actions are commenced by the filing of two duplicate originals of the list of delinquent taxes in the office of the County Clerk of New York County. In addition, certified copies of the list of delinquent taxes must be filed in the borough office of the City Collector and in the office of the Corporation Counsel (Administrative Code § 11-405 [f]). Upon filing the list, the Commissioner of Finance must cause a notice of foreclosure to be published at least once a week for six successive weeks in the *250 City Record and in two newspapers published in and circulated throughout the county in which the affected properties are located (Administrative Code § 11-406 [a]). Furthermore, the Commissioner of Finance must mail a copy of the notice of foreclosure to all owners, mortgagees, lienors or encumbrancers who are entitled to receive such notice by virtue of having filed an owner’s registration or in rem card in the office of the City Collector, pursuant to Administrative Code §§ 11-416 and 11-417. In the absence of such filings, notice shall be sent to the name and address appearing in the latest annual record of assessed valuations (Administrative Code § 11-406 [c]).
The City argues, in support of its motion, that the notice-by-request provision of the Administrative Code is sufficient to pass constitutional muster. From a practical point of view, the City argues that an unreasonable and staggering burden would be placed upon the City if it were required to conduct formal title searches and other searches of public records in order to ascertain the identities and addresses of all holders of interest in properties named in in rem tax foreclosure actions for the purpose of giving mail notice of such foreclosure actions to all interested parties. The City cites statistics showing that from 1978-1988, a total of 136,243 parcels located throughout the five boroughs were the subject of in rem actions.
In opposition to the motion, plaintiffs contend that it is unfair to place the burden on a property owner, mortgagee or other person having an interest in the realty whose name and whereabouts are readily ascertainable to file an in rem or owner’s registration card with the City Collector in order to request that they receive actual notification. However, it appears that some plaintiffs did, in fact, file such registration cards. The City alleges that notices were mailed to the owners of 6 of the 23 parcels which are the subject of this action (parcels Nos. 3, 10, 17, 20, 21, 22). The owners, however, deny receipt of such notice.
This action requires the court to confront squarely an issue discussed, but expressly not reached, by the Supreme Court of the United States in Mennonite Bd. of Missions v Adams (462 US 791 [1983]), i.e., the constitutional validity of notice-by-request in the in rem tax foreclosure actions. The Appellate Divisions for the Fourth Department and Second Department have addressed the issue and reached contradictory holdings (compare, Matter of Foreclosure of Tax Liens by County of Erie [Manufacturers & Traders Trust Co.], 103 AD2d 636, 640 [4th *251 Dept 1984] [holding that notice-by-request provision is insufficient, and that the State cannot meet its constitutional duty to provide notice to persons before divesting them of their property by shifting the burden to the property owner to request notice]; Matter of Tax Foreclosure No. 35, 127 AD2d 220, 226, 390 [2d Dept 1987] [upholding the notice-by-request provision as a proper balancing of the State’s interest in collecting delinquent taxes through tax sales and in avoiding the costly and time-consuming burden of ascertaining the identity and location of any person with a legally protected interest by resorting to a title search for each delinquent parcel against the burden imposed on the property owner by means of the "minor step of the filing of a card”]).
In its only ruling on the subject, the Appellate Division, First Department, vacated a judgment of foreclosure and sale based upon an in rem tax foreclosure where the only notice given to the owner was by publication. The court found that the City had a duty to provide actual notice of the in rem tax foreclosure action to the mortgagee whose identity it had actual notice of by virtue of the fact that the mortgagee had pro forma joined the City in a mortgage foreclosure action involving the same property (Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 133 AD2d 30 [1st Dept 1987], affd 70 NY2d 831 [1987]).
In Mennonite (supra), the Supreme Court struck down Indiana’s tax sale statute — which did not then provide for any notice of the tax sale to mortgagees, other than by publication —on the ground that such notice did not meet the requirements of the Due Process Clause of the 14th Amendment. Prior to the argument before the Supreme Court, Indiana amended its statute to provide for the mailing of notice if the interested party registered his or her name, address and a description of the property with a designated official.* However, since that amendment went into effect subsequent to the sale in question, the Supreme Court noted that the constitutionality of the provision was not before the court (462 US, supra, at 793, n 2).
The New York State Court of Appeals has strictly followed Mennonite (supra) in declaring unconstitutional the provisions of the Nassau County Administrative Code, which failed to *252 provide property owners with actual notice of tax lien sales (Matter of McCann v Scaduto, 71 NY2d 164 [1987]). However, it appears that the Nassau County provision involved in McCann, like the Indiana statute which the Supreme Court struck down in Mennonite, made no provision for owners, mortgagees, et al., to request notification in advance, unlike the provision of the Administrative Code before this court. Neither the majority decision nor the dissent in McCann refers to the First, Second or Fourth Department cases mentioned supra, although all had been previously decided.
In Matter of Foreclosure of Tax Liens by County of Erie (103 AD2d, supra, at 639), the Appellate Division, Fourth Department, held as follows:
"The Mennonite decision (supra) reaffirmed the principles established in Mullane v Central Hanover Trust Co. (339 US 306), holding that where a property interest is at stake, a party must be afforded that degree of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Where the property owner’s name and address are readily ascertainable, notice by publication must be supplemented by mailed notice (Mullane v Central Hanover Trust Co., supra, p 315).
"In Mennonite (supra), the Supreme Court clearly stated that the onus is on the State to provide notice, notwithstanding that the mortgagee, which is often a sophisticated creditor, might take steps to protect its own interests. [A] party’s ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation’ (Mennonite Bd. of Missions v Adams, 462 US 791, [799] * * *)” (emphasis added).
In Tax Foreclosure No. 35 (supra), the Appellate Division, Second Department, expressly took cognizance of but respectfully disagreed with the Fourth Department’s holding in the County of Erie case (supra). The Second Department applied a "balancing of interests test,” and held as follows:
"[T]he drafters of the provisions of the Administrative Code of the City of New York have established a simple, efficient, and eminently fair method for an interested party to obtain personal notice of any direct attack upon his or her possessory or proprietary rights by means of the minor step of the filing of a card by the interested party. Unlike the statute construed in Mennonite (supra), which provided no method for personal service upon the party there affected, the Administrative Code *253 provides a simple means for obtaining actual notice. We consider the distinction critical. * * *
"Our reading of the Supreme Court cases leads us to conclude that due process does not require the State to save a party from its own failure to act reasonably in protecting its own interests. In sum, we hold that applying a balancing of interests test, the Administrative Code provisions pertaining to notice are such as to satisfy the requirements of due process” (127 AD2d, supra, at 226-227).
The First Department, in its decision in Alliance Prop, (supra), noted that the Second and Fourth Departments had reached different conclusions in addressing the issue of the validity of notice-by-request. The First Department summarized these differing holdings as follows: "[T]he Fourth Department found New York’s notice scheme constitutionally inadequate because the State 'has an obligation to all mortgagees, not merely those who request notice’ [103 AD2d 636, 640]. However, the Second Department recently upheld New York’s in rem notice provision as a reasonable balance between the State’s interest in collecting taxes, without the costly and time consuming burden of conducting a title search to identify parties with an interest in the delinquent parcel, and the property rights of those parties (Matter of Tax Foreclosure No. 35, 127 AD2d 220 [Niehoff, J. P., 1987])” (133 AD2d, supra, at 32).
The First Department then cited Mennonite: "Where a property owner’s identity and whereabouts are readily ascertainable, notice by publication is not sufficient” (133 AD2d, supra, at 32). The First Department also cited Schroeder v City of New York (371 US 208 [1962]), which held that "notice by publication was deemed inadequate to apprise a property owner of condemnation proceedings when her name and address were readily ascertainable from the deed record and tax rolls” (supra, at 32; emphasis added).
It is undisputed that the identity and whereabouts of the plaintiff fee owners, other than for owners of parcels 1, 2 and 15, were set forth on each of the recorded deeds filled in the Register’s office of New York County prior to the commencement of the in rem tax foreclosure actions. Further, plaintiffs contend that they did not receive any actual notice by mail or personally of the impending tax foreclosure action.
It appears to this court, based upon its reading of the above-mentioned cases, that the procedure set forth in the Adminis *254 trative Code for affording notice by publication and actual notice only on request to owners, mortgagees and others claiming an interest in real property which is the subject of an in rem tax foreclosure action is insufficient to afford adequate due process notice to such parties. Therefore, this court finds that said provisions of the Administrative Code deny due process to readily ascertainable interested parties. As the Court of Appeals held in McCann: "the concept that publication affords due notice in all in rem proceedings has been markedly eroded over time” (71 NY2d, supra, at 173). To the extent that the Second and Fourth Departments of the Appellate Division differ, this court believes that the holding of the Fourth Department in County of Erie (supra) more closely comports with evolving standards of due process, as indicated by the decision of the Appellate Division, First Department, in Alliance Prop, (supra), and the Court of Appeals in McCann (supra).
In view of the lack of due process notice to those readily ascertainable plaintiffs, the City cannot rely upon the two-year "finality” provision of the Administrative Code and the Statute of Limitations defense (McCann v Scaduto, supra). It is noted in this regard that this court, by Justice Pécora, consolidated these actions but denied the City’s motion to dismiss which relied on a Statute of Limitations bar arising from the finality provisions of Administrative Code § 11-412 (c) (Campbell v City of New York, Sup Ct, NY County, mem decision, Sept. 1987, order entered Dec. 22, 1987, Pecora, J. [index No. 47238/87]). The Appellate Division unanimously affirmed this decision, without opinion (Campbell v City of New York, 140 AD2d 1013).
The City, in support of its motion to dismiss then pending before Justice Pécora, relied on Administrative Code § 11-412 (c) which provides for a conclusive presumption that all notices required by law are regular after two years from its recording of tax foreclosure deeds and bars actions to set aside such deeds after two years of such recording. It is undisputed here that the tax foreclosure deeds were recorded more than five years prior to the commencement of these actions. Nevertheless, the Appellate Division of this Department unanimously affirmed the trial court’s denial of the motion to dismiss wherein the trial court expressly held "where a property owner’s identity and whereabouts are readily ascertainable, notice by publication is not sufficient” and that "it is clear herein that the names and addresses of the plaintiffs *255 were readily ascertainable from the deeds on record. Inasmuch as defendant, City, has failed to establish notice was given by other means besides publication, the plaintiffs are not now barred from challenging the deeds obtained without adequate notice.” (Campbell v City of New York, supra.) The trial court relied on Alliance (supra) as the pivotal precedent for its finding of lack of due process notice.
The court finds that prior to the commencement of the in rem actions herein the names and addresses of the owners of all parcels, except 1, 2, 15, were reasonably and readily ascertainable from deed records in the context of modern computerization and instantaneous data retrieval. Consistent with case law hereinabove, this court finds that the City has a constitutional obligation to provide actual notice to such readily ascertainable plaintiff owners and not merely to those who request notice.
Accordingly, plaintiffs’ cross motion for summary judgment is granted to the extent of declaring the judgments and deeds for those parcels for which actual notice by mail was not given to the owners null and void and they are vacated and set aside (i.e., parcels Nos. 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 18, 19 and 23). The respective plaintiffs are declared the legal owners thereof.
To the extent the City alleges that actual notice was sent by mail to the owners of six parcels (Nos. 3, 10, 17, 20, 21, and 22) who filed in rem cards, and the latter has denied receiving such notice, a traverse hearing is directed on the issue of whether such notices were, in fact, sent. The court notes that if such mailing was made, service is deemed complete regardless of whether or not the party for whom it was intended actually received it (Barton v La Pointe, 67 AD2d 760 [3d Dept 1979]). Where, as here, there is a sworn denial of service, the party alleging service (in this case, the City) must establish that service was effected by a preponderance of the evidence at a hearing (see, Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139 [2d Dept 1986]). Therefore, the actions involving these six parcels are severed and the issue of whether notice of the in rem foreclosure actions was mailed to those owners is referred to the Legal Support Oflice for assignment to a Special Referee to hear and report with recommendations. Pending receipt of the report and a motion pursuant to CPLR 4403, final determination of the motion and cross motion for summary judgment as to those six parcels is held in abeyance. Counsel are directed to file a copy of this *256 decision with the Clerk of the Legal Support Office, 60 Centre Street, Room 311, for the purpose of obtaining a calendar date.
As to the owners of parcels Nos. 1, 2 and 15, since they acquired their interests in the properties after the City filed notice of pendency equivalents and commenced the in rem proceedings in which these three parcels were foreclosed, they are chargeable with notice thereof and cannot claim that they were not notified by mail. The filing of a notice of pendency is constructive notice to the entire world, and, as expressly provided in CPLR 6501, "[a] person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party” (122 W. 109 St. Corp. v City of New York, Sup Ct, NY County 1987, Pécora, J. [index No. 15644/86, affd without opn 145 AD2d 999 [1st Dept 1988]). It would work an unreasonable and unnecessary burden on the City to have to perform a title search in order to ascertain the existence and identity of possible parties having an interest in properties which are the subject of in rem proceedings prior to foreclosure where such parties acquired their interest subsequent to the City’s filing of a notice of pendency or the equivalent thereof. In such a situation, the burden properly belongs on the party acquiring an interest in real property to perform a thorough search. This is the theory underlying our recording statutes.
Accordingly, the City’s motion for summary judgment is granted as to the owners of parcels 1, 2 and 15, and the complaints in those actions are dismissed, and the City is declared the legal title owner thereof. In all other respects, the City’s motion for summary judgment is denied. The cross motion by owner plaintiffs of parcels Nos. 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 18, 19 and 23 for summary judgment is granted as hereinabove.

 The constitutionality of Indiana’s amended notice by request statute was upheld in a lower court decision (Homemakers Fin. v Jones, US Dist Ct, SD Ind 1984 [index No. 83-18 56-C]).