*932 OPINION OF THE COURT
Howard Miller, J.
It is ordered that the motion by plaintiff for partial summary judgment on plaintiff’s second cause of action is granted to the extent that plaintiff may enter judgment declaring that the failure of the Town of Ramapo (Town) to provide actual notice to plaintiff prior to the issuance of a demolition permit to Congregation Kochev Yitzchok D’Bobov violated the due process provisions of the Fourteenth Amendment of the United States Constitution and article I, § 6 of the New York Constitution and that the demolition permit issued November 7, 1994 was void ab initia; and it is further ordered that the remainder of plaintiff’s motion is denied; and it is further ordered that the cross motion by defendant Town for summary judgment is denied.
Plaintiff’s second cause of action seeks a declaratory judgment holding that the failure of the State of New York to require the Board of Appeals of the Town to give notice of a hearing to a mortgagee, and the failure of the Town to adopt rules or regulations requiring notice of application for a variance to a mortgagee, violates article I, § 6 of the New York Constitution and Fourteenth Amendment of the United States Constitution; and that the variance, demolition permit and building permit granted defendant Congregation Kochev Yitzchok D’Bobov (Bobov) were void ab initia.
The following facts are not disputed: plaintiff is the present holder of a $133,500 mortgage on real property located at 23 Blauvelt Road, Monsey, New York (the premises), which, at the time the mortgage was executed, consisted of a one-family house on approximately one third of an acre. Defendant Bobov, which was not the record owner of the property, applied to the Town to erect a house of worship on the premises. The application was denied and Bobov thereafter appealed to the Town Zoning Board of Appeals for a variance, advising the Zoning Board that the existing building would have to be demolished. The Zoning Board scheduled an appeal and notified abutting property owners by mail, posted a notice on the premises, and published notice in the local newspaper. The variance was granted, a demolition permit was issued, the one-family house demolished, and construction begun on the house of worship. It is plaintiff’s contention that the Town’s method of giving notice was insufficient to provide notice to a mortgagee, and its security interest in the property was severely impaired.
*933 On January 10, 1996, the Attorney-General of the State of New York, although served with the amended complaint, advised plaintiff that he did not intend to participate in this action at that time.
Town Law § 267-a requires a local Board of Appeals to give notice of an impending hearing to the public by publication in a paper of general circulation in the town, and by mail to the parties and certain State and local agencies. Although authorized by Town Law to do so, the Town has not enacted any more expansive notice requirements. As a matter of practice, however, the Town has posted notice of the hearing on the subject property and mailed notice to abutting property owners.
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” (Mullane v Central Hanover Trust Co., 339 US 306, 314; see also, Greene v Lindsey, 456 US 444; Schroeder v City of New York, 371 US 208; Walker v Hutchinson City, 352 US 112). "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable” (Mennonite Bd. of Missions v Adams, 462 US 791, 800). The Mennonite case held that mailed notice to a property owner, plus posting in a county courthouse and publication for three weeks, was insufficient to deprive a mortgagee of his interest in property sold to satisfy tax liens.
Since Mennonite (supra), notice to a mortgagee of an impending tax sale by a municipality has been required. In New York in 1993, portions of the Real Property Tax Law were recodified and the notice provisions amended to require mail notice not only to a mortgagee, but to "any person whose right, title, or interest was a matter of public record as of the date the tax lien was recorded, which right, title or interest will be affected by the termination of the redemption period, and whose name and address are reasonably ascertainable from the public record” (Real Property Tax Law § 1125 [eff Jan. 1, 1995]). Prior to the recodification of article 11, title 3 of the Real Property Tax Law, notice by publication was the only notice afforded a mortgagee (Real Property Tax Law § 1002), and such construe *934 tive notice was later declared unconstitutional and in violation of the Fourteenth Amendment (Cooper v Makela, 629 F Supp 658).
These amendments to the Real Property Tax Law reflect the ruling of the Court of Appeals in Matter of McCann v Scaduto (71 NY2d 164) which held that "Notice by publication and posting is unlikely to reach those who, although they have an interest in the property, do not make unusual efforts to stay abreast of such notices. A county’s use of these indirect forms of notice is not reasonable where there are inexpensive and efficient direct alternatives — such as personal delivery or mailing” (Matter of McCann v Scaduto, supra, at 175). The McCann Court concluded that "What seems plain from this progression of the case law is that where the interest of a property owner will be substantially affected by an act of government, and where the owner’s name and address are known, due process requires that actual notice be given” {supra, at 176). While the McCann case related to notice to an owner by a municipality, the "vexing issue” of notice to mortgagees has been recognized by the Court of Appeals, although the posture in which the issue was presented did not afford an opportunity for the Court of Appeals to reach the issue (Matter of ISCA Enters. v City of New York, 77 NY2d 688).
Plaintiff, as mortgagee, possesses a legally protected property interest in the premises (Mennonite Bd. of Missions v Adams, supra; Matter of Foreclosure of Tax Liens, 103 AD2d 636) and undoubtedly has a substantial interest in any government action which will affect the premises. The issue sub judice is not, however, directly on point with the foregoing line of cases in that plaintiff has not been irrevocably deprived of its property interest, as would be the case with a tax sale or a condemnation proceeding. Neither the submissions on this motion, or research by the court, has uncovered any cases which require notice to a mortgagee of a proceeding before a local zoning board to demolish buildings on the encumbered property.
Nevertheless, the demolition of the entire building on the property is not akin to a mere decline in property value, which would not support a Fourteenth Amendment deprivation claim (see, e.g., Fusco v State of Connecticut, 815 F2d 201), but constitutes a very substantial impairment of plaintiff’s security interest. It is disingenuous for the Town to argue that there was no substantial deprivation of rights and that the demolition of the building was a " 'much less intrusive act’ than a tax lien sale.” *935 The fact remains that the building, which undoubtedly constituted a substantial and primary security for the mortgage, was demolished with the approval and under the aegis of the Town with only constructive notice to the mortgagee whose interest in the property may well have exceeded that of the owner. That another building may be erected on the property is relevant only on the issues of damages and not on the issue of due process.
The court concurs with the Town that notice to a mortgagee of the many mundane matters which form the basis for most zoning board applications would be "both impractical and often nonsensical.” Such a burden does not, however, excuse the municipality from taking reasonable steps to provide actual notice (Anthony v Town of Brookhaven, 190 AD2d 21, citing Matter of ISCA Enters. v City of New York, supra). When a locality, however, intends to grant an application, as it did in this case, to an entity who is not the owner of the property, to demolish the sole and primary building on the property, due process requires more than constructive notice to the mortgagee. It would have been no more burdensome to the Town to determine the identity of the mortgagee and provide mail notice in connection with the application for the hearing on the demolition of the premises than it would have been to provide the same notice in a tax lien sale. The court finds, therefore, that notice by posting and publication was, under the circumstances presented by this case, inadequate and failed to comply with due process requirements. As a result of the Town’s failure to notify plaintiff of the hearing, plaintiff was deprived of an opportunity to be heard and has been deprived of the building formerly situate on the premises. The demolition permit is thus declared null and void ab initia.
Although plaintiff seeks a judgment declaring the failure of the Board of Appeals of the Town to adopt rules and regulations relating to mortgagees, it was not the failure to adopt the rules and regulations that resulted in plaintiff’s deprivation: it was the failure of notice. The Town concedes that even absent applicable rules and regulations, it routinely notifies adjacent property owners and posts notice of the hearing on the subject property. Thus plaintiff’s application for that relief is denied. It cannot be determined on the papers before the court whether the variances granted January 19, 1993 to Congregation Kochev Yitzchok D’Bobov, and the building permit issued November 7, 1994, were inclusive of the requirement that the existing building be demolished. Neither the application for *936 the variance, nor the resolution of the Board approving the variance, nor the building permit have been submitted on this motion. Thus plaintiff’s application for summary judgment declaring the variances and building permit void ab initia is denied.